WATSON *v.* HORNE & a.

If one of two coterminous proprietors of land bounded on a cove, by filling in makes new land extending into the cove opposite the premises of both, the same rule may be applied in dividing the new-made land between them as is used in the division of alluvion formed by the natural action of the water.

WRIT OF ENTRY. Facts found by the court. July 27, 1848, Reuben Tilton, and others, were seized of the tracts now owned by both parties, and on that day they conveyed to one Corson, under whom the plaintiff claims, "a tract or parcel of land, with the buildings thereon, situate in said Rochester, on the main street leading through Rochester village, bounded and described as follows, to wit: Beginning at a stake on said street, sixteen feet and two inches above the westerly corner of said Reuben Tilton's dwelling-house; thence running north 32° east on a line with the shed end of the house on said premises to a stake by the cove at high-water mark; thence north-westerly by said cove to the south-easterly side of a rock with a ring-bolt in the same; thence turning and running on a straight line to said street at a point twenty-seven and a half feet above the first mentioned bound; thence south-easterly by said street to the bound begun at."

The cove mentioned is a portion of the Cocheco river, making in to the east from the main channel, which at that point flows to the south, at a distance of about ten rods westerly from the land in question. The remainder of the tract then owned by Tilton,

and others, and not conveyed by the foregoing deed to Corson, is now owned by the defendants.

Three or four years ago the defendants carted earth and filled in the cove northerly of their own land, and also northerly of a line running from the stake by the cove to the rock with a ring-bolt, described in the deed from Tilton and others to Corson as marking the points where the side lines of the premises struck the cove on the north at high-water mark, making new land extending into the cove. The portion of the demanded premises in dispute is that part of the made or filled land included within the side lines of the defendants' premises, projected northerly in the same direction over the made land into the cove; and the question is as to the location of the defendants' side lines upon the ground beyond the stake and the ring-bolt.

*Worcester & Gafney*, for the plaintiff.

*Kimball* and *Edgerly*, for the defendants.

BLODGETT, J. Having succeeded to Corson's rights under the conveyance of 1848 which makes the cove a boundary, the plaintiff became a riparian proprietor thereon through the conveyance to himself, and under the well established rule of law, that where a deed or grant of land is bounded upon a river not navigable, the boundary line extends to the thread of the stream, unless there is a reservation to the contrary, his ownership extended to the centre of the cove. It only remains, therefore, to determine the manner in which the side lines of his lot shall be protracted or extended into the water.

In respect of this matter, the defendants properly concede that the lines must be run now the same as if no filling had been done; but they contend that, as the cove is found by the case to be a portion of the Cocheco river, the side lines of the plaintiff's lot should be extended from the stake and ring-bolt bounds at right angles with the course of the river to its thread (in accordance with the general rule in the case of unnavigable streams, to extend the side lines of the riparian proprietors to the centre of the stream from the termini on the bank at right angles with the general course of the stream, unless varied by the terms of the conveyance under which the proprietors hold), and as the course of the Cocheco is found to be directly south, the true line, therefore, should extend directly west from those bounds to the thread of the river itself.

This contention cannot be supported. Its obvious effect would be to deprive the plaintiff of any water-front on the cove between the bounds named, in direct conflict with the terms of the deed of 1848, which expressly mentions the cove as the water boundary of the lot. This of itself is a sufficient answer to the contention. But aside from its conflict with the deed, it conflicts no less

directly with the principle of equality which invariably obtains in the apportionment or division between conterminous proprietors or owners of land bounding upon water. The objects to be kept in view, in such cases, are, to give to each proprietor a fair share of the land, and to secure to him convenient access to the water; and so, in respect to alluvion and flats, in all cases when practicable, every proprietor is entitled to a frontage of the same width on the new shore as on the old shore, and at low-water mark as high-water mark, without regard to the side lines of the upland, unless referred to as guides in particular grants, or established as boundaries by the agreement or conduct of the conterminous proprietors, or the acts of public authorities. Gould on Waters, s. 162, and cases cited. When the general course of the shore approximates a straight line, the division is made among the proprietors by lines perpendicular to the general course of the original bank, or of the original mark of the shore. Ib., s. 163; Batchelder v. Keniston, 51 N. H. 496, 498. When it curves or bends, the general rule is to measure the whole extent of high-water mark or of the ancient line along the shore; to then divide the line of low-water mark, or, in the case of alluvion, the newly formed water line, into equal parts, corresponding in number to the feet or rods ascertained by the above measurement; and, after apportioning to each proprietor as many of these parts as he owned feet or rods on the old line, to draw lines from the original termini of the boundaries of the upland to the points of division on the newly formed line; or, in the case of flats, on the line of low-water mark. Deerfield v. Arms, 17 Pick. 41; Batchelder v. Keniston, supra; Jones v. Johnston, 18 How. 150; Johnston v. Jones, 1 Black 209. If, instead of curving inward towards the land, the course of the shore bends outward, the dividing lines diverge, and each proprietor has a correspondingly greater width towards the water than towards the shore. Gray v. Deluce, 5 Cush. 9, 12, 13; Porter v. Sullivan, 7 Gray 443; Emerson v. Taylor, 9 Maine 42.

The principle involved in the present case is very much, if not precisely, the same as that involved in the apportionment of alluvion, or the division of flats; and being of opinion that the land formed by the filling may, in the situation and circumstances of the case, properly be regarded as if it were an alluvial formation, and as this view will also lead to an equitable result between the parties, no reason is perceived why the same rules should not obtain here as were recognized in Deerfield v. Arms and Batchelder v. Keniston, supra. Applying those rules to the cove as if it were a river, the portion of the land in controversy which the plaintiff is entitled to recover will be ascertained, and judgment will be accordingly.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.